Please be seated. Would the clerk call the next case, please? Case number 314-0530, People of the State of Illinois, Appellee by Dawn Duffy v. Alexander Fletcher, Appellant by Mark Fisher. Mr. Fisher, good morning. Thank you. Good morning, your honors. May it please the court, counsel. I'm representing the defendant in this case, Alexander Fletcher. Alexander was convicted in a bench trial of armed robbery with a firearm. Specifically, the judge found that on July 2, 2011, Alexander was accountable for his co-defendant's commission of robbery while in possession of a firearm. Alexander was sentenced to the mandatory minimum term for armed robbery with a firearm, 21 years imprisonment. The four issues are raised on appeal. The first issue, the defendant maintains that the record does not show that he knowingly waived his right to a jury trial. He therefore asks this court in Issue 1 to reverse his conviction and to land the cause for a new trial. In Issue 2, he asserts that the state's evidence did not prove beyond a reasonable doubt that the co-defendant possessed a firearm when he committed robbery. He therefore asks this court either to reduce his conviction to robbery and to remand for resentencing, or if the court remands for a new trial because of the absence of a jury waiver, to limit that new trial to the lesser included offense of robbery. Issue 3 alternatively argues that the 15-year gun enhancement that was part of the 21-year sentence is unconstitutional as applied to him, and he would ask this court alternatively to remand for resentencing without imposition of the gun enhancement. And finally, Issue 4 requests... Let me just, before you get there, we don't get there, right, if we, Issue 1? If you remand, that's true, that's true. And the same with Issue 4, and the state certainly argues that Issues 3 and 4 are sentencing issues. If your honor is remanded for a new trial, there is no need to even reach Issues 3 and 4. The state also concedes that the record does not show that the defendant knowingly waived his right to a jury trial. Now, the defendant... I'm just saying, so aren't we left with really one issue today, and that's Issue Number 2? That's correct. Issue Number 1, isn't it? Well, the one about whether there was proof, whether he can be retried on armed robbery. That's really, at this point, the only dispute between the parties on appeal. Now, of course, this court is not necessarily bound by the state's concession, although the defendant would submit that on this record the only realistic option is to remand for a new trial, because the record doesn't contain a written jury waiver, nor does it contain any indication of an in-court oral jury waiver. So the defendant appreciates the state's concession and would ask your honors to accept the agreement of the parties that the case should be remanded for a new trial. And I would then be inclined to devote the rest of my comments this morning to Issue 2. My concern is this is an election of remedies situation, where if you elect that you want to accept the state's concession, then the trial is treated as a nullity. Why would you look at the evidence admitted during a trial that should be considered a nullity? Well, in any case where a new trial issue is raised by the defendant and is accepted by the court, there is no double jeopardy, barred to a retrial, as long as the evidence that was admitted at the original trial was sufficient to convict, sufficient for a rational trial, in fact, to find guilt beyond a reasonable doubt. On the other hand, if the evidence presented… So are we to treat the first trial as a trial? I'm sorry? Are we to treat the first trial as a trial? Aren't you asking us? It just doesn't exist. I mean, we're not going to review the evidence. You get a do-over. That's true, but there was a trial. It was not aborted at any point in the process before jeopardy had attached. There was evidence presented. There was a verdict reached by the judge. There was sentencing posed. And so I think your honors could only remand for a new trial if you feel that the evidence was sufficient to support the judge's verdict. If your honors felt that the evidence was not sufficient, then the relief would be an outright reversal. Now, the defendant acknowledges here that there was sufficient evidence whereby a trial, in fact, in this case the judge, could find the defendant guilty of robbery. And so he's not asking for an outright reversal. But he also argues that the charge defense here, which was armed robbery with a firearm, that the existence of the firearm was not proved beyond a reasonable doubt. And so therefore, based on reasonable doubt grounds and alternatively equitable grounds, which I'll address this morning as well, the new trial should be limited. I guess I view it a little differently. It's almost like a mistrial on appeal because the defendant didn't sign the document. And I know when you wrote the brief six months ago or eight months ago, whenever you wrote the brief, you didn't know that the state was going to concede that error because your client sat through a bench trial and maybe would have noticed that there wasn't a jury there. But now that they have conceded, I'm wondering if we need to decide whether you are accepting that concession, which means a new trial as if it were a mistrial, or do you want us to look at the sufficiency of the evidence and say, you know what, that trial counts and the evidence was insufficient and it's an outright reversal. So can you tell me why you don't have to elect a jury? Yeah, your other brief raises an interesting point, which I hadn't considered and counsel for the state didn't raise in its brief. And I had in the alternative argued in the opening brief with respect to Issue 2 in conjunction with Issue 1, that if your honors found an adequate jury waiver, then it's just a question of whether you should reduce the conviction and remain for re-sentencing. But I alternatively said if your honors wanted to remain for a new trial, then you should also be limited to the charge of robbery. The state didn't. Are there other cases before this has happened? I'm not sure that I've seen a case involving exactly the same factual scenario. All right. I won't force you. Well, let me ask you this. Would it make any difference if we decided that the first trial was defective? Let's suppose the state didn't concede, but yet we found that you're right. Sure. And so whether the state concedes it, I don't see how that's relevant as long as we accept the state's, as long as we say, that trial was bad, you're going to get a new one. Does that have any effect one way or another on whether, okay, now we're going to remain for the trial, but your argument that, well, even though you're vacating that trial and you're reversing the conviction, multiple chargeable offenses, and the evidence was since even though the trial was bad, they didn't put on sufficient evidence to convict, as a matter of law, that there's insufficient evidence to convict my client of X. And therefore, when you retry it, you can't retry it on X because that would, in fact, be double jeopardy under normal procedure. Yeah. I mean, whether, my personal opinion is that whether the trial is invalid because there was no jury waiver or whether it's invalid because evidence, prejudicial evidence was introduced that should not have been introduced, I don't think it should make a difference. Now, it would be one thing if the waiver or the absence of a waiver was discovered earlier enough where jeopardy never attached. Here, jeopardy clearly did attach because the case, again, there was the presentation of evidence, there was a verdict, and so I don't think that that distinguishes to the point where this court cannot consider Issue 2. That's a decision for your honors to make. I believe that the fact that a non-existent jury waiver is the reason for a remand, that that still would not allow the court to remand unless it felt that the evidence was sufficient to convince a rational prior effect. Again, the defendant agrees that it is as to the robbery, just not as to the existence of the gun. Now, the complaining witness testified that on the evening of July 2, 2011, he was in his automobile. He drove to his ATM machine. He withdrew some money. He was then approached on foot by an individual who had a white T-shirt wrapped around part of his face. The individual had in his hand an object which the complainant said was a revolver, and this man asked him for money. He turned over money. Three days later, there was a complaint to police from different motorists about an attempt on robbery, and a vehicle description was given to the police. Police found a vehicle fitting the description, stopped the vehicle, found inside were the defendant and his co-defendant. The defendant spoke to the police, and there were actually two separate interrogations because the two incidents were in different towns of different police authorities, and those interrogations were recorded on videotape, and those tapes are part of the record on appeal. They were introduced into evidence. With respect to July 5, he told the police that, yes, he attempted to rob some motorists, and he said, yes, he had a gun, which he had just obtained in Chicago, either earlier that day or the day before. He said he froze up. He was unable to go through with it, so he returned to his vehicle and drove off with the co-defendant, and then they were stopped. He also said that on July 2, he was with his co-defendant. He, Alexander, remained in the vehicle while the co-defendant got out of the car and committed a robbery. In addition, there was testimony from a police officer that he searched this vehicle on July 5 and found inside the vehicle what the officer termed a loaded .38 special. That item, however, was not introduced into evidence. The prosecutor explained that the complaining witness in the July 2 incident would not have been able to identify it, and he said the prosecutor had no other way of proving that this item was the object possessed by the co-defendant on July 2. So basically what we have here is testimony from the complaining witness that the robber had what looked to him like a gun. Now, he didn't say it looked like a gun. He said it was a revolver, but that's basically his testimony. It's made to the court that the problem is these days manufacturers can produce objects that look very much like real guns but are not. The Illinois Criminal Code is very specific as to what constitutes a firearm for purposes of the armed robbery statute and certain other offenses as well. A device designed to expel a projectile or projectiles by the action of an explosion, expansion of gas, or escape of gas. I've cited some cases where police officers have either shot or arrested individuals because they believe those individuals were threatening them with guns, and they later found out that they weren't guns, and I'd submit if a police officer could make that mistake, certainly a layperson like the complainant could make the mistake too. Okay, but so there's a possible innocent explanation. Is that enough? The victim says, point the revolver at me, a gun. And the argument, I mean you can make that argument to the trier of fact, but is that enough for the trier of fact to determine, well, it was a gun. It was a firearm. Well, of course even in a misdemeanor case, the state has to prove each statutory element beyond a reasonable doubt. One thing I think is most troubling about this case and this charge, armed robbery with a firearm, is that in comparison to other forms of armed robbery, and what used to be even armed robbery with a firearm or anything else, any other type of weapon, has always been a class X felony and a mandatory minimum six and up to 30 years imprisonment. I think it was in 2000 the legislature amended the statute, and now armed robbery with a firearm carries a mandatory minimum of 21. So you're going all the way up from six to 21, and I think it's inequitable to allow an armed robbery conviction where you don't really know if it was a gun. You have testimony that it appears it was a gun, and I'm not faulting the complainant in any way. I'm not saying he acted in bad faith or anything along those lines, but under these circumstances I think there needs to be more than just testimony that it appeared to be a gun, especially if you don't have that object. Well, several days later, I trust you've never had a gun pointed at you, but two days later they find this gun, and for the victim who had a gun pointed at him to say, yes, that is absolutely the gun the defendant pointed at me, as opposed to some other revolver, and especially somebody who's not knowledgeable about firearms. Right. And do we look at what the sentence for a crime is to determine what the burden of proof is or ought to be? Well, And I get your point, but is that really the sentencing range for this crime? Is that really relevant to the burden of proof, the state's burden of proof? Well, as I say, even in a misdemeanor case, each element has to be proved beyond a reasonable doubt. This case personally is more troubling because of the enhancement. Now, you know, the case might have been different if the state would have introduced the object found on July 5th. Now, again, we're talking three days later. You know, if they had brought it in, if the complainant would have said, That pretty much looks like it. At least you would have something more than what you have in this case. Now, in a second district case I cited called People v. Crowder, Let me ask you this. If all the witnesses in the world said that looks like it, is not the defense going to argue, wait a minute, they haven't tied this gun. That gun, you can't bring that gun in here because the witness didn't say that was the gun. You would at least have more. You're right. Even there, there would be a certain amount of uncertainty. Two minutes, please, counselor. Thank you. Another thing that troubles me is that another form of armed robbery under 18-2A1 is robbery with a dangerous weapon other than a firearm. And I saw in a couple of recent first district decisions where the theory of the state was it was an object that could have been used as a bludgeon. And there was a videotape, a surveillance tape, and it was a bench pile. And the judge said, well, yeah, it looks to me like it could have been used as a bludgeon. And the public worked there and said, no, you have to have something more as to proof of what it was actually made of because it could have been plastic. And, again, on videotape it can look like a real gun. And with that charge, it's 6-30. And that's something I still can't get past. But especially given the precise definition of firearm set forth here, I think the state has to prove that definition, and the state didn't do so here. Alternatively, on equitable grounds, the defendant has asked this court to apply the principles this court applied in cases People v. Coleman and People v. Jackson, where the court said, yes, there's sufficient evidence here to prove the charge, but in both cases the court said there was evidentiary weaknesses to one of the elements. In one case, whether or not the defendant had a weapon. And the court also noted in both of those cases the judges in sentencing expressed a dissatisfaction with having to impose higher sentences, indicating they would have imposed something less had they had the discretion to do so. And the judge here did the exact same thing. He wanted the appellate court to know that he would have imposed a lesser sentence given the defendant's clean background and his family being hardworking citizens. He was a college student. He was 19 years old. And so on those alternative equitable grounds, even if this court does find that a rational trial could have gone beyond a reasonable doubt, the defendant would still ask for the same relief limiting the new trial to the charge of robbery. Mr. Fisher, I have a procedural concern with what you're asking us to do. You're basically asking us to stand as the finder of fact here with regard to this issue. You're asking us to send it back for a new trial, but to limit the trial by finding as a matter of fact that there wasn't enough evidence to prove that it was a gun. But we're in a situation where the trier of fact that had that before it determined that the state had proven its case. Sure. So we're doing what they're always telling us not to do, which is substituting our judgment for the judgment of the real finder of fact. Well, of course, in a case where a defendant raises a straight reasonable doubt argument, in a situation like that, the trier of fact, whether it had been a judge or a jury, has found that the facts existed, establishing each element beyond a reasonable doubt. And in that circumstance, the defendant comes before the court of appeals, arguing they know that one of their elements were not proved, and so is disputing, in effect, the factual findings made by the trier of fact. And here it's really no different, other than it's, again, kind of a partial reasonable doubt argument. The defendant, again, concedes that there was sufficient evidence for a rational trier of fact to convict him of robbery, but that there was not sufficient evidence as to the presence of the gun. So the defendant's really just, again, asking the court to apply the principles that would be applied if the defendant were arguing it wasn't proved guilty beyond a reasonable doubt. And at the same time, it's something that the court sometimes has to confront, where the defendant also makes an argument, my client was denied a fair trial, and the court agrees with that position, but can only remain for a new trial if the court feels the evidence was sufficient. Because if the evidence was not sufficient in the original trial, then there's a double jeopardy bar. So I don't think I'm asking the court here to do anything that the court is unable to do. Following up to Justice McDade's question, there's a lot of strategy that goes into trial cases. And in this case, defense comes to ask for a directed finding on the armed robbery and asks the trial proceed on the simple robbery. He did. And it was denied. You haven't contested that ruling. When it came time to instruct the jury, was the jury given a choice? Well, this was a bench trial, so it was just the judge. I'm sorry. No, that's fine. And counsel raised it again at resentencing, or absolutely at sentencing, in the motion for a new trial. You're right, though. The judge, in the end, he felt the evidence was sufficient based on the testimony of the complainant witness. So, again, at the conclusion of the evidence, the defendant argued that the conviction should be for simple robbery, asked for a finding on the lesson. I believe he argued in closing. In closing, I know it was argued extensively at sentencing. I think in the context of a new trial motion, I, arguing, and I think leading that to the new trial motion, was denied arguing judges should just sentence this man for robbery and not armed robbery. These questions typically come up in the context of a direct appeal where the trial is done. Here we're determining that we're sending him back for a new trial, and you're asking us to do kind of a preemptive strike against one of the issues at the trial, and I'm finding that a little troubling. Well, if you're envisioning a case where there's a jury waiver issue, but also raised on appeal, but also a reasonable doubt argument raised on appeal, and if, in that situation, the court has to read, cannot just, in sort of that situation, you have two issues, reasonable doubt and inadequate jury waiver. The court says, yes, inadequate jury waiver, and so remand for a new trial without saying anything about the reasonable doubt. In that situation, the court has to reach the reasonable doubt argument because if it agrees with the reasonable doubt argument, then you don't send the case back. Again, it becomes a double jeopardy bar. You don't send the case back and say, yeah, the evidence was sufficient, but there's reason for a remand. So I'm essentially making that argument here, although it's a little bit different because, again, I am conceding that there was sufficient evidence before the trial, in fact, for him to find this individual guilty of robbery on an accountability theory, but I submit the evidence was not sufficient for the judge to find the existence of a weapon. And so the scenario here is maybe a little bit different from the scenario that might normally confront the court in that situation, but it's well-accepted principles that, again, the court can only remand if there's no double jeopardy bar if the evidence is sufficient. Any other questions? Thank you, Your Honors. Thank you. Ms. Duffy, good morning. Good morning, Your Honors. Counsel, I'll direct my argument to whether or not there was a handgun or any evidence of the handgun. This witness testified, Mr. McNamara, that he was at the ATM machine. You know what? I'm sorry, but can I ask you to go somewhere else? Absolutely. Before we get to the evidence, the handgun, would you agree that if, okay, whether there's a concession or not, we rule and we're going to remand this case. So a defendant, let's say, is charged A, B, C, and D, or A, B, and C, and so we say, oh, the trial's bad, whatever, it was a Batson, a jury waiver, or something, that the trial judge got wrong, and so it's going back to the trial. Right. But the defendant can still say, but at the first trial they charged me with A and they didn't put on sufficient evidence to convict me of A. So when you remand, you can only try it on B and C. Anything wrong with that? No. You know what? I don't think there is anything wrong with that. I mean, I have seen a multitude of cases where reviewing courts have said, you know, we're remanding this for a new trial, but for purposes of the remand, we find the evidence was sufficient to prove the defendant guilty. Therefore, there is no double jeopardy problem. They do that as a matter of course. My viewpoint on this reasonable doubt issue is that's why the defendant raised it, because he knew it was going to go back and there had to be a determination is there sufficient evidence to present on a retrial. I don't have a problem with that. I do have a problem with this version of the evidence is insufficient. I don't think it's at all insufficient. I thought you might. Okay. You may answer my question. Okay. Mr. McNamara testified that he was at an ATM machine at the Chase Bank in Frankfort, Illinois. It was about 1 o'clock a.m. He withdrew some money, and as he waited, this African-American young man was wearing a white T-shirt and had another white T-shirt wrapped around his face, approached his open window from the rear of his vehicle, stuck a gun at him, and told him to give me, let's see, the first time was his money, his ATM card, and his PIN number. Mr. McNamara gave the robber what he asked for, and he testified that the man pointed a black revolver at him. Now, he saw it close enough to know it was a revolver and not an automatic weapon, and, of course, maybe even that it was black and not silver or some other color, and as McNamara went to leave, the man stepped in front of his car and again pointed the gun at him and told him to give him his cell phone, which Mr. McNamara did. The vehicle the man left in was identified by him as a silver SUV, and there were two other people in the vehicle. Subsequently, the defendant admitted that he'd been driving that vehicle that evening when he was shooting at the man's car. Was something falling apart here? I didn't do it. Excuse me for a second. Police officers, three days after this robbery took place, robbery took place on July 2nd, and three days later, on July 5th, they stopped a silver SUV, and a police officer drove to that location with Mr. McNamara, complaining of witnesses. There were three people in the vehicle at the time, and also located, including the defendant, also in the SUV were two white T-shirts and a loaded .38 special, which was capable of being fired. Now, I realize the complainant couldn't say, this is the same weapon. However, this existence of these articles in this van is certainly circumstantial evidence that made one to believe that this could be the same weapon, could not be the same weapon, but nevertheless, it was in the possession of the defendant. It's time we addressed it. Um... Unplug that thing. You're doing this to me, aren't you? Don't worry, we'll take your time. But that's annoying, and I'm sure it's annoying you. Maybe you should ask Brian. Well, I'd say just what you want to... I mean, the world won't end if this isn't reported. What do you think? I don't have a problem with it. You don't have a problem? What was that? I will grant you the evidence of the existence of this firearm, may not be overwhelming, but it is sufficient to go to the trier of fact. And while the defendant, at the end of this case, he moved for a directed verdict, he argued to the trial judge that that element was missing. The trial judge disagreed. Having found that enough testimony, Mr. McNamara was sufficient to prove that the defendant's co-defendant pointed a black revolver at this man and robbed him at the ATM machine. It's really pretty simple. And the weapon found in the van is consistent with the description that Mr. McNamara gave. I just simply do not see where this evidence was insufficient on the element of armed robbery. Now, we don't know what's going to happen when this case is sent back. Is there going to be a retrial, a jury trial? Is he going to this time legitimately waive his right to a jury trial? Are they going to engage in plea negotiations? Who knows? But I do know that the fact that there's mandatory sentencing going on in this case that has to be applied is not any sufficient reason for this Court to find that the evidence was insufficient to prove the defendant's guilt. If you have any questions on any of the other issues, I'd be happy to answer them. Thank you. Thank you, Your Honors. Mr. Fisher, rebuttal. Thank you, Your Honors. I just very briefly just wanted to make two quick points. The officer searched the vehicle so that he found inside what he called a loaded .38 special. Again, I think the most important thing is this is three days later, and the prosecutor acknowledged he couldn't prove that that was the item that was possessed by the robber on July 2nd. It's not beyond that testimony that it was a loaded .38 special that certainly sounds quite a bit like a gun, but maybe it was loaded with blanks or something else. There wasn't additional testimony about he took it out, he test-fired it, or what have you. I'd mention that more as a sidelight than anything else. The only other thing I wanted to mention, and it's in the brief, but I began to allude to it earlier, the Second District Appellate Court in a case called Pupil v. Crowder said, and I'm paraphrasing here, but said, along the lines of just the fact that an object looks like a gun, that doesn't necessarily mean it's a gun. Now, in Pupil v. Clark, in which this court upheld an armed robbery with a firearm conviction, this court distinguished Crowder saying, well, that was the UW case, but I think more importantly saying that there the object was recovered, but then it was destroyed, presumably mistakenly. But because it was destroyed, the defense didn't have the opportunity to examine it and possibly raise the defense that it wasn't a weapon. Now, here we don't have a destruction situation, but we have a situation, through nobody's fault, where whatever object the co-defendant had on July 2nd apparently was not recovered or possibly it was recovered and was in the car, but we have no firm evidence. Well, all we know is it wasn't offered into evidence at the trial. Right, right. Does it make any difference to you, or do you think it should make a difference to us, if a police officer testified, this is a .38 Special, a police officer knows we're a .38 revolver, and implicit in that statement, it's a handgun, a firearm. And is it also, is it important at all that the trial judge is a retired Chicago policeman who also knew what a .38 Special was, revolver was? Well, and again, here the object is three days later, etc., and you're right, being a former police officer. I think if the police officer had been the witness to the robbery in this case and said, oh, this guy had a gun, as I said, I've cited some cases where officers thought individuals had guns and it turned out they weren't, but certainly that would be a stronger case because of the individual's experience with firearms. In one of the cases I've cited where the public court upheld an armed robbery conviction where the defense argued, well, you didn't really prove the existence of the weapon because it wasn't recovered, in at least one of those cases that I talk about, two of the witnesses, although they weren't police officers, nonetheless they testified they had familiarity with weapons, presumably having a better experience with which to be able to actually identify something as a weapon. And you don't have that here. Again, you have stronger cases and you have weaker cases. In this case on these facts, the evidence was not sufficient. The state should be held to its burden. Alternatively, for the equitable principles applied in Coleman and Jackson, the defendant would ask this court to grant the same relief. One minute, please. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand and leave recess for a panel change.